UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SAMUEL LUCERO,

    Petitioner,                        Civil No. 05-73402-DT
                                       HONORABLE BERNARD A. FRIEDMAN
v.                                    CHIEF UNITED STATES DISTRICT JUDGE

BARRY D. DAVIS,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO VOLUNTARILY DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Samuel Lucero, ("petitioner"), presently confined at the Newberry Correctional Facility in Newberry, Michigan, sought the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on August 22, 2005. In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317. On October 20, 2005, petitioner sent a letter to the clerk of the court, asking to withdraw his habeas petition and requesting the clerk to return a copy of his habeas petition. On October 31, 2005, Magistrate Judge R. Steven Whalen issued an Order for Clarification, in which he asked petitioner to clarify whether he wanted the habeas petition to be dismissed without prejudice or simply desired the clerk of the court to return a copy of his habeas petition to him. On November 8, 2005, petitioner sent a letter to the Court. Although petitioner indicates that he does not wish to dismiss the petition, he then

1

states that he is asking the clerk of the court to return the habeas petition to him so that he can file it at a later date. Petitioner further indicates that he recently became aware that he has other options in the lower courts and needs to exhaust his state court remedies. It therefore appears that petitioner wishes to withdraw his habeas petition, albeit without prejudice to his ability to re-file a habeas petition at a later date after returning to the state courts to exhaust certain claims.

For the reasons stated below, the Court will allow petitioner to voluntarily withdraw his habeas petition and will dismiss the petition for writ of habeas corpus without prejudice. The Court will further order the clerk of the court to send a copy of the petition for writ of habeas corpus to petitioner.

## I.  Discussion

Fed.R.Civ.P. 41(a)(2), the civil procedure rule governing voluntary dismissals, applies to federal habeas proceedings. *Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M.D. Ala. 1999). In this case, petitioner is entitled to a voluntary dismissal of his habeas petition because there is no evidence that the respondent will suffer some plain prejudice from the dismissal other than the prospect of a second habeas petition later on. *Id.* at 1260. The Court also notes that subject to certain exceptions, the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) permit a person who is in custody pursuant to a state court judgment to bring only one habeas petition challenging that state court judgment on the merits. *See* 28 U.S.C. § 2244(b). In determining whether or not a habeas

petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *See Clark v. Tansy,* 13 F. 3d 1407, 1409 (10th Cir. 1993). In this case, petitioner will be allowed the opportunity to voluntarily withdraw his habeas petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds after he returns to the state courts to exhaust additional claims. *See Cook v. New York State Div. Of Parole,* 321 F. 3d 274, 282 (2nd Cir. 2003).

The Court is well aware that a habeas petitioner should not be permitted to thwart the limitations on the filing of second or successive habeas petitions by withdrawing his first habeas petition "as soon as it becomes evident that the district court is going to dismiss it on the merits." *See Felder v. McVicar,* 113 F. 3d 696, 698 (7th Cir. 1997). Unlike the habeas petitioner in *Felder,* petitioner filed his motion to withdraw his habeas petition prior to any decision being rendered by the Court. There is no indication that petitioner's motion was filed in bad faith.

Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Macomb

3

County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Although this Court is aware that it has the discretion to hold a habeas petition in abeyance pending the exhaustion of additional claims in the state courts, the Court declines to do so in this case. In order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A common circumstance calling for abating an unexhausted habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

In the present case, there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust additional claims. In this case, the Michigan Supreme Court denied petitioner's application

4

for leave to appeal on June 30, 2005. *See People v. Lumpkin,* 472 Mich. 942; 698 N.W. 2d 401 (2005). However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on September 28, 2005. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on August 22, 2005, before petitioner's conviction became final with the state courts.[1] The one year limitations period only commenced running on September 28, 2005. Moreover, 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on August 22, 2005, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Brown v. McKee,* 232 F. Supp. 2d 761, 764, n. 1 (E.D. Mich. 2002).

by petitioner. Because petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

In this case, petitioner's voluntary dismissal of his habeas action would completely terminate the litigation in this case. *See Long v. Board of Pardons and Paroles of Texas,* 725 F. 2d 306, 306 (5th Cir. 1984). Because petitioner is seeking to withdraw his habeas petition pursuant to Fed. R. Civ. P. 41(a)(2), the dismissal will be without prejudice. *See Markham v. Anderson,* 465 F. Supp. 541, 543 (E.D. Mich. 1980).

## II. ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of the Court return a copy of the habeas petition to petitioner.

_____s/Bernard A. Friedman_____
**HON. BERNARD A. FRIEDMAN**
**Dated: November 29, 2005**     **CHIEF UNITED STATES DISTRICT JUDGE**